IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02040-BNB

JOANN REDWILLOW,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, JoAnn Redwillow, is an inmate at the Denver Women's Correctional Facility in Denver, Colorado. Ms. Redwillow has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Ms. Redwillow is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Redwillow will be ordered to file an amended application if she wishes to pursue any federal constitutional claims in this action.

    The court has reviewed the application and finds that it is deficient. First, the Colorado Department of Corrections is not a proper Respondent. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section

2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Ms. Redwillow indicates that she is incarcerated at the Denver Women's Correctional Facility. Therefore, she should name as Respondent the warden of that facility.

More importantly, the court also finds that the application is deficient because Ms. Redwillow fails to set forth clearly whatever federal constitutional claim she may be asserting in this action. An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). However, habeas corpus relief is warranted only if Ms. Redwillow "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Ms. Redwillow is challenging the computation of her prison sentence, and the relief she seeks is to have 547 days of presentence confinement credit applied to her sentence. However, Ms. Redwillow fails to provide a clear statement of any claim that her federal constitutional rights have been violated. If Ms. Redwillow does intend to assert a federal constitutional claim, she must file an amended application that clarifies the federal constitutional claim she is asserting. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Ms. Redwillow must identify the specific federal constitutional claim she is asserting and she must provide specific factual allegations in support of that claim. These habeas corpus rules are more

demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Ms. Redwillow file an amended application that sets forth the federal constitutional claim or claims she may be asserting in this action. It is

FURTHER ORDERED that Ms. Redwillow shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Redwillow fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED August 19, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge